| | |
|---|---|
| PENSION BENEFIT GUARANTY CORPORATION, *as Statutory Trustee of the Kachay Homes, Inc. Defined Benefit Pension Plan,*<br><br>Plaintiff,<br><br>v.<br><br>ILANA KARP and SAMUEL KARP,<br><br>Defendants. | Case No.: 18cv652-MMA (AGS)<br><br>**ORDER DENYING EX PARTE APPLICATION FOR SEPARATE ADJUDICATION OF DEFENDANT'S CASE**<br><br>[Doc. No. 10] |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Presently before the Court is Defendant Ilana Karp's ("Ilana") *ex parte* motion to separately adjudicate her case from Defendant Samuel Karp ("Samuel"). Doc. No. 10-1 ("Mtn."). Plaintiff Pension Benefit Guaranty Corporation ("Plaintiff" or "PBGC") opposes severance. Doc. No. 11 ("Oppo."). Having considered the parties' arguments and the law, the Court **DENIES** Ilana's *ex parte* motion.

## BACKGROUND

On March 30, 2018, Plaintiff, as statutory trustee of the Kachay Homes, Inc. Defined Benefit Pension Plan (the "Plan"), initiated this action on behalf of the Plan under Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1301-1461, by filing a Complaint. Doc. No. 1 ("Compl."). Plaintiff alleges

that Defendants Ilana and Samuel breached their ERISA fiduciary duties, causing the Plan to suffer losses. *Id.*, ¶ 1. Specifically, Plaintiff alleges that Defendants "breached their ERISA fiduciary duties by causing the Plan to engage in transfers and loans that were not in the sole interest of participants and beneficiaries . . . and were prohibited transactions." *Id.* Additionally, Plaintiff alleges Defendants breached their fiduciary duties "by failing to seek payment for the Plan of the transfers and loans." *Id.*

On April 20, 2018, Defendants filed separate answers to the Complaint. Doc. Nos. 5, 6. Thereafter, the Court set an Early Neutral Evaluation Conference for July 9, 2018. Doc. No. 7. On May 10, 2018, Ilana filed the instant *ex parte* motion. Mtn.

## LEGAL STANDARD

Under the Federal Rules of Civil Procedure, defendants may be joined in one action when claims arise from the same transaction or occurrence of series of transactions or occurrences, and any question of law or fact in the action is common to all defendants. Fed. R. Civ. P. 20(a)(2). The remedy for improper joinder is severance under Federal Rule of Civil Procedure 21. This rule does not set forth what constitutes misjoinder, but "'it is well-settled that parties are misjoined when the preconditions of permissive joinder set forth in Rule 20(a) have not been satisfied.'" *Disparte v. Corporate Exec. Bd.*, 223 F.R.D. 7, 12 (D.D.C. 2004) (quoting *Puricelli v. CNA Ins. Co.*, 185 F.R.D. 139, 142 (N.D.N.Y. 1999)). However, Rule 21 provides that "[m]isjoinder of parties is not a ground for dismissing an action. On motion or its own, the court may at any time, on just terms, add or drop a party. The Court may also sever any claim against a party." Fed. R. Civ. P. 21.

Where the parties are not properly joined under Rule 20, "it is accepted practice under Rule 21 to dismiss all defendants except for the first named in the complaint; this operates as a dismissal of plaintiffs' claims against other defendants without prejudice." *Armstead v. City of Los Angeles*, 66 F. Supp. 3d 1254, 1263 (C.D. Cal. 2014); *see also Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 870-71 (9th Cir. 2013). Before dismissing a party for misjoinder, the court must consider whether dismissal will result in prejudice.

*See Rush v. Sport Chalet, Inc.*, 779 F.3d 973, 975 (9th Cir. 2015). No prejudice will result from dismissal if the plaintiff can institute a separate action and proceed separately. *See, e.g., Kenney v. City of San Diego*, No. 13cv248-WGH-JLB, 2014 WL 4792951, at *4 (S.D. Cal. Sept. 25, 2014). Courts have also exercised their discretion to sever where "[i]nstead of making the resolution of [the] case more efficient . . . joinder would instead confuse and complicate the issues for all parties involved." *See, e.g., Wynn v. Nat'l Broad. Co., Inc.*, 234 F. Supp. 2d 1067, 1088 (C.D. Cal. 2002) (finding that even where Rule 20 requirements for joinder are satisfied, the Court may exercise its discretion "to sever for at least two reasons: (1) to prevent jury confusion and judicial inefficiency, and (2) to prevent unfair prejudice to the [defendants]").

## DISCUSSION

Ilana states that she "was a trustee in name only," "was passive in handling the Plan and delegated all responsibilities for handling and investment of the pension funds to Samuel," and that Samuel "did not consult with Ilana . . . when making plan decisions, including when and how to invest the Plan assets and when and how to make loans of money from the pension fund." Mtn. at 2. She further claims that she and Samuel "are legally separated, and all their assets are held separately" and that she "received a discharge in bankruptcy on August 18, 2015 and contends that any liability that she may have to the PBGC was discharged in her bankruptcy proceeding." *Id.* at 3. As a result, Ilana states that her and Samuel's interests "diverge, and their defenses are different," such that she would be "prejudiced by having her rights adjudicated in the same case as Samuel . . . ." *Id.*

Plaintiff alleges that both Ilana and Samuel are liable for losses suffered by the Plan as a result of both Defendants' breaches of ERISA fiduciary duties. Oppo. at 4. Accordingly, Plaintiff asserts that "the allegations in this case arise out of the same series of transactions and are based on the same set of facts and questions of law" and, therefore, "judicial economy would not be facilitated if this case were severed." *Id.* at 5. Plaintiff further contends that "[s]everance of this matter would require the same

evidence and documentary proof to be brought in two separate adjudications." *Id.* Plaintiff also explains that Ilana's defenses are identical to Samuel's, except that she lists one additional affirmative defense. *Id.*

First, the Court finds no misjoinder of parties. While Ilana contends it is misjoinder to join as defendants persons who have conflicting interests, she provides no legal authority in support of that contention. *See* Mtn. at 3. Here, Plaintiff asserts the same causes of action against both Defendants based on the same transactions or occurrences and raising the same questions of law. *See* Compl. Accordingly, the Court finds joinder of the Defendants proper in this case. *See* Fed. R. Civ. P. 20(a)(2).

In any event, the Court finds severance inappropriate. In determining whether to sever claims pursuant to Rule 21, Courts may consider "(1) whether the issues sought to be tried separately are significantly different from one another, (2) whether the separable issues require the testimony of different witnesses and different documentary proof, (3) whether the party opposing the severance will be prejudiced if it is granted and (4) whether the party requesting the severance will be prejudiced if it is not granted." *German by German v. Fed. Home Loan Mortg. Corp.*, 896 F. Supp. 1385, 1400 (S.D.N.Y. 1995).

Here, Plaintiff raises the same issues against both Ilana and Samuel and intends to use the same evidence and documentary proof. Oppo. at 4-5; *see also* Compl. As a result, severing this case would require Plaintiff to initiate two identical cases, prejudicing Plaintiff. Further, the Court is unpersuaded that this case should be severed due to Ilana's and Samuel's diverging interests because Ilana delegated her responsibilities to Samuel and the two defendants "are legally separated and hold all their assets separately." *See* Mtn. at 3-4. As indicated previously, Ilana provides no legal authority in support of her contention that prejudice results where defendants' interests diverge. Additionally, the Court notes that Ilana and Samuel raise the same defenses, with the exception that Ilana also claims any obligation she may have had toward the PBGC was discharged in her bankruptcy proceeding. *See* Doc. Nos. 5, 6. This indicates

that Ilana would not be prejudiced if the severance is not granted, particularly because "[t]he court may grant judgment . . . against one or more defendants according to their liabilities." Fed. R. Civ. P. 20(a)(3).

Ultimately, the Court finds severance is not warranted because it would be judicially inefficient to try the identical claims in separate cases and because Ilana has not established prejudice if the case is not severed.

## Conclusion

For the reasons stated above, the Court **DENIES** Defendant Ilana Karp's *ex parte* application for separate adjudication of Defendant's case. *See* Doc. No. 10.

**IT IS SO ORDERED**.

Dated: May 17, 2018

Hon. Michael M. Anello
United States District Judge